# ORIGINAL

F I L E D
CHARLOTTE, N. C.

APR 25 2006

U. S. DISTRICT COURT
W. DIST. OF N. C.

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CASE NO. 3: 06 CR 84 - C

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | **BILL OF INFORMATION** |
| | ) | |
| | ) | Violations: |
| v. | ) | 18 U.S.C. § 922(g) |
| | ) | 18 U.S.C. § 1951 |
| HAISSAM NASHAR, a/k/a "Sam" | ) | 18 U.S.C. § 3 |
| | ) | |

## THE UNITED STATES ATTORNEY CHARGES:

### INTRODUCTION

1. On or about January 29, 2002, HAISSAM NASHAR, a/k/a "Sam" ("NASHAR") sold his interest in the One Quick Stop convenience store ("One Quick Stop"), located at 2201 Freedom Drive, Charlotte, North Carolina, to Diri, LLC, which made monthly payments to NASHAR. NASHAR continued to maintain a financial interest in the financial success of One Quick Stop because the amount of said payments that Diri, LLC, made to NASHAR was contingent on and fluctuated with the amount of monthly revenues generated by the sale of consumer goods at One Quick Stop.

2. Midtown Food Mart #2 is a convenience store located in a building at 1552 Berryhill Road, Charlotte, North Carolina (hereinafter "Midtown-Berryhill"), in close proximity to One Quick Stop. Midtown-Berryhill is owned by a partnership of individuals ("Midtown Owners"), which partnership is authorized to do business in the State of North Carolina, and is engaged in interstate and foreign commerce and in an industry that affects interstate and foreign commerce. Midtown-Berryhill competed and continues to compete with One Stop for revenue generated by the sale of consumer goods. The Midtown Owners also owned and operated two other convenience stores located in Charlotte, North Carolina.

3. After Midtown-Berryhill began selling consumer goods and competing with One Quick Stop, One Quick Stop's receipt of revenues from the sale of consumer goods decreased significantly, resulting in a reduction of monthly payments due and owing from Diri, LLC, to NASHAR.

4. As a result of declining revenues at the One Quick Stop, George Diri, a/k/a "G," a relative of the owners of Diri, LLC, Rico Aery ("Aery"), and others (collectively the "offenders") began to engage in violent and intimidating tactics against the Midtown Owners, for the purpose of obtaining from the Midtown Owners certain assets and the right

*United States v. Nashar* – Bill of Information, p. 1

to exercise exclusive control over such assets, including but not limited to real property, equipment, inventory of consumer goods, and the Midtown Owners' right to pursue a lawful business at the Berryhill location, that is, operation of a convenience store that generates revenue from the sale of consumer goods.

5.        On or about December 4, 2002, George Diri told one of the Midtown Owners that Midtown-Berryhill would soon be "closed for good."

6.        On or about December 18, 2002, George Diri recruited Aery and other persons to assist them in harassing and intimidating the Midtown Owners from conducting business at Midtown-Berryhill.

7.        On or about December 18, 2002, Aery and another person broke Midtown-Berryhill's front windows and then threw "Molotov cocktails" - that is, containers filled with a flammable liquid - into Midtown-Berryhill, which caused Midtown-Berryhill to burn to the ground and precluded the Midtown Owners from operating their lawful business of selling consumer goods for approximately one year.

8.        Revenues at One Quick Stop increased during the time period that Midtown-Berryhill was prevented from selling consumer goods due to Midtown-Berryhill's closure caused by an arson committed at Midtown-Berryhill on or about December 18, 2002.

9.        On or about December 19, 2002, Aery and another person received a monetary payment from NASHAR for their roles in destroying Midtown-Berryhill's building, equipment and inventory. Thereafter, Aery received additional benefits such as free and reduced-cost merchandise and car rentals from NASHAR, Diri and other persons.

10.       On or about January 9, 2003, a person who participated with Aery in the December 18, 2002, arson received a monetary payment from NASHAR for his role in destroying Midtown-Berryhill.

11.       Throughout the course of the illegal conduct alleged in Count One, George Diri, Aery and other persons engaged in intimidating and harassing tactics through the wrongful use of actual and threatened force and violence for various purposes, including causing the Midtown Owners to cease conducting a lawful business at Midtown-Berryhill's location, inflicting economic and other harms upon the Midtown Owners, forcing the Midtown Owners to make business decisions based on fear and coercion, depleting the assets of the Midtown Owners, reducing Midtown Owners' ability to purchase and otherwise receive items and services affecting interstate and foreign commerce, increasing the revenues of One Quick Stop through diversion of Midtown-Berryhill's revenues to One Quick Stop and obtaining the Midtown Owners' right to exercise exclusive control over the assets of their convenience store and right to pursue a lawful business at the Berryhill location.

*United States v. Nashar* – Bill of Information, p. 2

## COUNT 1

The paragraphs set forth in the Introduction to this Bill of Information are re-alleged and incorporated by reference as if fully set forth herein.

From on or about December 19, 2002, and continuing to on or about February 1, 2004, in Mecklenburg County, within the Western District of North Carolina, and elsewhere,

### HAISSAM NASHAR, a/k/a "Sam"

knowing that an offense against the United States had been committed, received, relieved, comforted and assisted the offenders in order to hinder or prevent their apprehension, trial or punishment, that is, he acted as an accessory after the fact for persons who had knowingly, intentionally and unlawfully obstructed, delayed and affected commerce, as that term is defined in Title 18, United States Code, §1951(b)(3), the movement of articles or commodities in commerce by extortion, as that term is defined in Title 18, United States Code, §1951(b)(2), and who committed and threaten to commit physical violence to other persons or property in furtherance of a plan or purpose to obtain property from another person, with said persons' consent, induced by wrongful use of actual or threatened force, violence and fear.

In violation of Title, 18 United States Code, §§ 1951 and 3.

## COUNT 2

In or around January 1, 2004, in Mecklenburg County, within the Western District of North Carolina, and elsewhere,

### HAISSAM NASHAR, a/k/a "Sam"

having been previously convicted on or about November 13, 2003, in the United States District Court for the Eastern District of Missouri, of a crime punishable by imprisonment for a term exceeding one year, that is, Transportation of Counterfeited Cigarette Tax Stamps, did knowingly and unlawfully possess a firearm in and affecting interstate commerce, that is, 9 mm Beretta.

All in violation of Title 18, United States Code, § 922(g)(1).

*United States v. Nashar* – Bill of Information, p. 3

The undersigned asserts, under oath, that probable cause exists to believe that Haissam Nashar, a/k/a "Sam" committed the crimes alleged in this Bill of Information.

GRETCHEN C. F. SHAPPERT
United States Attorney

KENNETH M. SMITH
Assistant United States Attorney

*United States v. Nashar* – Bill of Information, p. 4