ORIGINAL

FILED
CHARLOTTE, N.C.

APR 25 2006

U.S. DISTRICT COURT
W. DIST. OF N.C.

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:06CR84-C

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | **PLEA AGREEMENT** |
| ) | |
| HAISSAM NASHAR, a/k/a "Sam" ) | |

The United States of America, by and through Gretchen C. F. Shappert, United States Attorney for the Western District of North Carolina, and the defendant, HAISSAM NASHAR, a/k/a "Sam," in person and through counsel, LYLE YURKO and CHRISTOPHER FIALKO, respectfully inform the Court that they have reached the following agreement:

### I. Plea

1. The defendant agrees to enter a voluntary plea of guilty to Counts 1 and 2 in the Bill of Information, and admits to being in fact guilty as charged in those counts. At the appropriate time the United States will dismiss the charges against the defendant in the Superseding Bill of Indictment, *United States v. Nashar*, W.D.N.C. Case No. 3:05CR376-C.

### II. Sentence

2. The defendant is aware that the statutory minimum and maximum sentences for each count are as follows:

Count 1 (Hobbs Act extortion – 18 U.S.C. § 1951): a $250,000 fine, and no more than twenty years imprisonment, or both; and no more than five years supervised release.

Count 2 (Felon in possession of a firearm – 18 U.S.C. § 922(g)): a $250,000 fine, and no more than 10 years imprisonment, or both; and no more than three years supervised release.

3. The defendant understands that supervised release is a term of supervision that runs consecutively to any sentence of incarceration and that if the Court imposes a term of supervised release, the United States Probation Office will supervise him during that term and will require that he make regular reports and visits to its office. The defendant understands that a violation of the conditions of supervised release may subject him to an additional period of incarceration up to the maximum term of years imposed as supervised release.

1

4. The defendant is aware that the Court will consider the *United States Sentencing Guidelines ("U.S.S.G.")* in determining the appropriate sentence and that the sentence will be without parole. The defendant is further aware that the Court has not yet determined the sentence, that any estimate from any source, including defense counsel, of the likely sentence is a prediction rather than a promise, and that the Court has the final discretion to impose any sentence up to the statutory maximum for each count. The defendant further understands that no recommendations or agreements by the United States are binding upon the Court.

5. With regard to the *United States Sentencing Guidelines*, the defendant and the United States, pursuant to Fed. R. Crim P. 11(c)(1)(B), stipulate and agree to the following:

    a. **Count 1 Sentencing Calculations**

| | |
|---|---:|
| Base offense level (Hobbs Act extortion) (U.S.S.G. § 2B3.2(a)) | 18 |
| express or implied threat of death or bodily harm (U.S.S.G. § 2B3.2(b)(1)) | +2 |
| loss to victims (more than $250,000) (U.S.S.G. § 2B3.2(b)(2)) | +3 |
| firearm discharged (U.S.S.G. § 2B3.2(b)(3)(A)(i)) | +7 |
| accessory after the fact (U.S.S.G. § 2X3.1) | -6 |
| **Adjusted Offense Level** | **24** |

    b. **Count 2 Sentencing Calculations**

| | |
|---|---:|
| Base offense level (felon in possession) (U.S.S.G. § 2K2.1(a)(6)(A)) | 14 |

    c. Provided that the defendant clearly demonstrates acceptance of responsibility for his offense, as well as all relevant conduct, the government will recommend a two-level reduction in offense level pursuant to U.S.S.G. § 3E1.1(b)(2).

Provided that the defendant has timely provided information to the government concerning his involvement in the offense charged, or has timely notified authorities of an

2

intention to plead guilty, the government will recommend an additional one-level reduction pursuant to U.S.S.G. § 3E1.1(b)(2).

However, the defendant understands that any reduction in offense level is ultimately for the Court's determination.

    d.    The defendant and the United States agree that the appropriate sentence is one within "the applicable guideline range" (U.S.S.G. § 5C1.1) and that neither party will seek a departure from that range.

6. The defendant agrees to pay full restitution, regardless of the resulting loss amount, which restitution will be included in the Court's Order of Judgment. The defendant agrees that such restitution will include all victims directly or indirectly harmed by the defendant's "relevant conduct," including conduct pertaining to any dismissed counts or uncharged conduct, as defined by U.S.S.G. § 1B1.3, regardless of whether such conduct constitutes an "offense" under 18 U.S.C. §§ 3663 or 3663A. The defendant consents to a civil judgment in state of federal court concerning a claim filed by a "victim" as defined in 18 U.S.C. §§ 3663(a)(2) and 3663A(a)(2). The defendant understands that with a Judgment and Commitment Order that requires the payment of restitution, a lien will be filed on his property. Defendant also understands that his obligation to make restitution shall last for twenty years after the entry of the judgment, release from imprisonment, or until his death. 18 U.S.C. § 3613.

7. The parties agree that the Court shall set the amount of fine and shall consider the Fine Table in U.S.S.G. § 5E1.2 as advisory.

8. If more than $500.00 in restitution, fines, and/or assessment is owed to the United States government, a lien will be filed. The defendant understands that if a lien is filed against his property, his obligation to pay restitution shall last for twenty years after any imprisonment ordered or until his death. 18 U.S.C. § 3613.

9. The defendant hereby agrees to pay the total amount required for assessment ($100 per count) to the Clerk, United States District Court, before 5:00 p.m. on the date of pleading guilty. The defendant further agrees to participate in the Inmate Financial Responsibility Program to the extent necessary to fulfill all financial obligations due and owing under this agreement and the law.

10. If applicable, the defendant agrees to reimburse the United States for the cost of court-appointed counsel and agrees that the Court may include such reimbursement in the Order of Judgment.

### III. Procedure

11. The defendant agrees that a duly-qualified federal Magistrate Judge may conduct the hearing required by Fed. R. Crim. P. 11.

3

12. With the Court's permission, the factual basis, as required by Fed. R. Crim. P. 11(b)(3), will be deferred until the time of sentencing. The defendant stipulates that there is a factual basis for the plea of guilty and that the Court may use the offense conduct set out in the Presentence Report, except any facts to which the defendant has objected, to establish a factual basis for the defendant's plea.

## IV. Waivers

13. The defendant understands and agrees that if he should fail to specifically perform or to fulfill completely each and every one of his obligations under this Plea Agreement, then the United States will be relieved of its obligations under the agreement, but the defendant will not be allowed to withdraw his guilty plea.

14. The defendant is aware that the law provides certain limited rights to withdraw a plea of guilty. The defendant has discussed these rights with defense counsel and knowingly and expressly waives any right to withdraw the plea once the District Court has accepted it.

15. The defendant acknowledges that Federal Rule of Criminal Procedure 11(f) and Federal Rule of Evidence 410 are rules which ordinarily limit the admissibility of statements made by a defendant in the course of plea discussions or plea proceedings if a guilty plea is later withdrawn. The defendant knowingly and voluntarily waives the rights which arise under these Rules. As a result of this waiver, he understands and agrees that any statements which are made in the course of his guilty plea or in connection with his cooperation pursuant to this plea agreement will be admissible against him for any purpose in any criminal or civil proceeding if his guilty plea is subsequently withdrawn.

16. The defendant understands and agrees that by pleading guilty, he is expressly waiving the following rights:

       a. to be tried by a jury;
       b. to be assisted by an attorney at trial;
       c. to confront and cross-examine witnesses; and,
       d. not to be compelled to incriminate himself.

17. Defendant and defendant's counsel warrant that they have discussed: (1) defendant's rights pursuant to 18 U.S.C. § 3742, 28 U.S.C. § 2255, and similar authorities to contest a conviction and/or sentence through an appeal or post-conviction after entering into a plea agreement; (2) whether or not there are potential issues which might be relevant to an appeal or post-conviction action; and (3) the possible impact of any such issue on the desirability to the defendant of entering into this plea agreement.

Defendant, in exchange for the concessions made by the United States in this plea agreement, waives all such rights to contest the conviction and/or the sentence except for: (1) claims of ineffective assistance of counsel; or (2) prosecutorial misconduct.

Also, in exchange for the concessions made by the United States, defendant agrees that the United States preserves all its rights and duties with respect to appeal as set forth in 18 U.S.C. § 3742(b), while the defendant waives all rights to appeal or collaterally attack the sentence of conviction with three the exceptions set for above. This agreement does not limit the United States in its comments in or responses to any post-conviction matters.

18. The defendant waives all rights, whether asserted directly or by a representative, to request or to receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including without limitation any records that may be sought under the Freedom of Information Act, 5 U.S.C. § 552, or the Privacy Act of 1974, 5 U.S.C. § 552a.

19. The defendant stipulates that any sentence that falls within the applicable guideline range as determined by the United States Probation Office and pursuant to any departures from the applicable range as recommended by the government is *per se* reasonable. The defendant waives any right to contest such a sentence on the basis that the Court's imposition of such a sentence was unreasonable or an abuse of its discretion.

## V. Assistance to Government

20. If requested by the United States, but only if so requested, the defendant agrees to cooperate with the United States, including but not limited to the following:

    a. The defendant will provide truthful information about the subject charges and about any other criminal activity within the defendant's knowledge to any government agent or agency that the United States designates.

    b. The defendant will testify truthfully in any trial, hearing, or grand jury proceeding, including, but not limited to, testimony against any co-defendants, as the United States designates.

    c. The defendant agrees to truthfully complete a financial statement form provided by the United States Attorney. The defendant shall date said form and sign it under penalty of perjury, thereby acknowledging that his financial statement fully and completely discloses his financial condition as of the date it is signed. Defendant shall update the financial statement with any material changes to his financial condition. Defendant shall provide his signed and dated financial statement within 30 days of his signature on this plea agreement and any updates within seven days of the event changing his financial condition. Defendant understands and agrees that his financial statement

will be used for the collection of any fine or restitution ordered by the Court, and the identification of property subject to forfeiture. The parties agree that the defendant's failure to timely and accurately complete and sign a financial statement and any update may, in addition to any other penalty or remedy authorized by law, constitute his failure to accept responsibility under U.S.S.G. § 3E1.1.

For the preparation of his Presentence Report, the defendant agrees to cooperate fully with and make a full disclosure of all current and projected assets and property to the United States Probation Office. If the defendant is ordered to serve a term of supervised release or probation, he agrees to make a full disclosure of his assets and property to the United States Probation Office prior to the termination of his supervised release or probation. If the defendant should fail to make the aforementioned full disclosures, then the United States will be relieved of its obligations under the Plea Agreement, but the defendant will not be allowed to withdraw his guilty plea.

        d.        In the event that the defendant's cooperation includes testifying, the defendant hereby waives payment of any witness fees or expenses to which he may be otherwise entitled pursuant to 28 U.S.C. § 1821.

        e.        The defendant understands that the United States desires only truthful and accurate information and testimony and, in fact, that knowingly giving false information or testimony can be prosecuted as an additional criminal offense.

Further, if the defendant knowingly gives false testimony, the United States will be relieved of its obligations under this Plea Agreement, except that the defendant's plea of guilty and the resulting guilty verdict will stand.

        f.        The defendant will not violate any federal, state, or local law, or any order of any court, including any conditions of pretrial, pre-sentence, or post-sentence release.

Nothing that the defendant discloses pursuant to this Plea Agreement will be used against him in any other criminal proceeding, subject to the following exceptions:

        1.        the United States or other jurisdiction may use any and all relevant information regarding crimes of violence;

        2.        the United States may use any and all information as necessary in a prosecution for perjury, or in any trial for impeachment or rebuttal;

        3.        if the defendant withdraws his plea of guilty, the United States may use any and all disclosures in any subsequent trials or criminal proceedings;

4. if the defendant violates any of the terms of this Plea Agreement, including the obligation to provide truthful information, then the United States may use any and all disclosures in subsequent trials or criminal proceedings; and,

5. the United States may make indirect use of any information that the defendant provides, including investigative leads or other witnesses.

g. The defendant's obligation under this section is a continuing one, and will continue after sentencing until all investigations and/or prosecutions to which the defendant's cooperation may be relevant have been completed. This provision is a material condition of this Plea Agreement and of all benefits that accrue to the defendant pursuant to this agreement.

In the interests of fulfilling all obligations under this section, the defendant agrees to waive all rights under Chapters 213 and 208 of Title 18 until such time as the United States determines that all relevant investigations and/or prosecutions have been completed.

h. The defendant fully understands that any breach of this agreement, including but not limited to withholding information, misleading the United States or any law enforcement officer, or failing to testify truthfully at any trial, grand jury, or other judicial proceeding, will allow the government, in its sole discretion, to withdraw from its obligations under this Plea Agreement. In such event, the United States will be free to proceed on any properly-filed pending, superseding, or additional charges, including any charges dismissed pursuant to this agreement.

21. When and if the defendant assists the government as described above:

a. The United States, in its sole discretion, will determine whether said assistance has been substantial.

b. Upon a determination that the defendant has rendered substantial assistance, the government may make a motion pursuant to U.S.S.G. § 5K1.1 for imposition of a sentence below the applicable Sentencing Guidelines. The United States may also, within its sole discretion, move the Court pursuant to 18 U.S.C. § 3553(e) to impose a sentence below any applicable statutory mandatory minimum. Any substantial assistance motion will require the approval of the United States Attorney.

The defendant recognizes that, even if the United States makes a recommendation pursuant to U.S.S.G. § 5K1.1, the Court cannot depart below the statutory minimum unless the United States also includes a specific recommendation pursuant to 18 U.S.C. § 3553(e).

c.  Regardless of the nature and extent of any substantial assistance that the defendant renders, the United States will not move for a downward departure if the defendant also knowingly furnishes information that is materially false.

d.  Any determination that the defendant has failed to provide substantial assistance or has knowingly provided false information is within the sole discretion of the United States, and the defendant waives all objections and rights of appeal or collateral attack of such a determination.

e.  The defendant understands that if the United States makes a motion for downward departure, the motion is not binding on the District Court. The Court will determine in its discretion whether to grant or deny such departure and the extent of the departure.

## VI. Conclusion

22.  The defendant understands that if he breaches this Plea Agreement, or violates any federal, state or local law, or any order of any court, including any condition of pre-trial or pre-sentence, or post-sentence release, the United States will be relieved of its obligations under this Plea Agreement, but the defendant will not be allowed to withdraw his guilty plea. The United States will be free to proceed on any properly-filed dismissed, pending, superseding, or additional charges.

23.  There are no agreements, representations, or understandings between the parties in this case, other than those explicitly set forth in this Plea Agreement and none will be entered into unless executed in writing and signed by all parties.

SO AGREED:

_____  DATED: 4.24.06
KENNETH M. SMITH, Assistant United States Attorney

_____  DATED: 4/21/06
TYLE YURKO, Attorney for Defendant

_____  DATED: 4/21/06
CHRISTOPHER FIALKO, Attorney for Defendant

_____  DATED: 4-21-6
HAISSAM NASHAR, a/k/a "Sam," Defendant

8